## NATIONAL BANK OF COMMERCE v. TOWN OF GRANADA.

*(Circuit Court, D. Colorado. December 9, 1891.)*

1. MUNICIPAL BONDS—VALIDITY—FAILURE TO PUBLISH ORDINANCE.
   Under Laws Colo. 1887, p. 445, § 1, providing that all municipal ordinances of a general or permanent nature shall be published in the manner there prescribed, and that they shall not take effect until five days after such publication, a failure to publish an ordinance authorizing the issuance of municipal bonds renders the bonds invalid.

2. SAME—INNOCENT PURCHASER—NOTICE.
   A recital on the face of the bonds that they were issued under an ordinance of the municipality does not render them valid in the hands of an innocent purchaser for value, since such a purchaser is chargeable with notice of the statutory provisions under which the bonds were issued.

At Law. Action by the National Bank of Commerce against the town of Granada, Colo., upon interest coupons of municipal bonds. Tried by the court without a jury. Judgment for defendant. For former reports, see 41 Fed. Rep. 87, and 44 Fed. Rep. 262.

*S. L. Carpenter,* for plaintiff.

*Alvin Marsh* and *J. B. Belford,* for defendant.

PARKER, J. This is an action of debt to recover on interest coupons attached to funding bonds issued by the defendant in 1887. The bonds are payable at the National Park Bank, New York, 15 years after date, or after 5 years, at the option of the city; interest at 8 per cent., evidenced by coupons attached, similar to those upon which this suit was brought. A jury was waived. The cause was submitted to the court upon an agreed statement of facts. It is my conclusion that under the laws of Colorado there must have been an ordinance of the town of Granada to authorize the issuance of the bonds, the coupons of which are the basis of the suit in this case. The statute of the state, as found in section 1, Sess. Laws 1887, p. 445, is as follows:

"All ordinances shall, as soon as may be after their passage, be recorded in a book kept for that purpose, and be authenticated by the signature of the presiding officer of the council or board of trustees and the clerk; and all by-laws of a general or permanent nature, and those imposing any fine, penalty, or forfeiture, shall be published in some newspaper published within the limits of the corporation, or, if there be none such, then in some newspaper of general circulation in the municipal corporation; and it shall be deemed a sufficient defense to any suit or prosecution for such fine, penalty, or forfeiture to show that no such publication was made: provided, however, that if there is no newspaper published within or which has no general circulation within the limits of the corporation, then, and in that case, upon a resolution being passed by such council or board of trustees to that effect, such by-laws and ordinances may be published by posting copies thereof in the public places to be designated by the board of trustees, within the limits of the corporation; and such by-laws and ordinances shall not take effect and be in force until the expiration of five days after they have been so published or posted. But the book of ordinances herein provided for shall be taken and considered in all courts of this state as *prima facie* evidence that such ordinances have been published as provided by law."

By the terms of this section of the statute law of the state, when the same is given a reasonable construction, all by-laws of a general or permanent nature must be published as required by the above-named section. This ordinance of the town of Granada passed by its council, purporting to authorize the issue of the bonds to which the coupons in suit were attached, is of a general or permanent nature, and all by-laws or ordinances of a general or permanent nature do not take effect and be in force until the expiration of five days after they have been published or posted. It appears from the agreed statement of facts in this case that there was never any publication of the ordinance in a newspaper, or in any manner or form whatever. The statute requiring the publication of the ordinance is mandatory, and the ordinance, without the requisite publication, is a nullity, and consequently of no force or validity. There is, then, no authority for the issue of the bonds, to which the coupons in suit belong.

The recital in the bond that it was issued under an ordinance of the city of Granada passed by the council of said city will not make the bonds valid in the hands of plaintiff as an innocent holder, if it, under the law, was bound to take notice of the legal authority of the town of Granada to issue the bond. The legal authority of the officers of the town to do this must be found in some ordinance authorizing them to so act. The recitation on the face of the bond that it was issued under an ordinance referred the purchaser to the law requiring the publication of the ordinance. The ordinance conferred no legal authority upon the town officers to execute and issue the bonds until the expiration of five days after it had been published. The corporation of Granada must have had legislative authority to issue the bonds issued by it. Although the plaintiff is a holder for value and before maturity, it must, at its peril, take notice of the existence and terms of the law by which it is claimed the power to issue such bonds is conferred. The holder of a municipal bond is chargeable with notice of the statutory provisions under which it was issued. *Bank* v. *City of St. Joseph,* 31 Fed. Rep. 216; *Anthony* v. *Jasper Co.,* 101 U. S. 693; *Ogden* v. *Daviess Co.,* 102 U. S. 634; *Bank* v. *Porter Tp.,* 110 U. S. 608, 4 Sup. Ct. Rep. 254; *McClure* v. *Township of Oxford,* 94 U. S. 429. The last-named case I regard as especially relevant to the present one. In that case the statute under which the bonds were issued was referred to on the face of the bonds, and, although passed and approved at a certain date, was not by its terms to go into effect until after its publication in the Kansas Weekly Commonwealth. Chief Justice WAITE said in that case that—

"Every dealer in municipal bonds, which upon their face refer to the statute under which they were issued, is bound to take notice of the statute and all its requirements. Every man is chargeable with notice of that which the law requires him to know, and of that which, after having been put upon inquiry, he might have ascertained by the exercise of reasonable diligence."

And further:

"A municipality must have legislative authority to subscribe to the capital stock of a bridge company before its officers can bind the body politic to the

payment of bonds purporting to be issued on that account. Municipal officers cannot rightfully dispense with any of the essential forms of proceeding which the legislature has prescribed for the purpose of investing them with power to act in the matter of such a subscription. If they do, the bonds they issue will be invalid in the hands of all that cannot claim protection as *bona fide* holders."

In *Ogden* v. *Daviess Co.*, the supreme court of the United States said:

"We have always held that every holder of a municipal bond is chargeable with notice of the provisions of the law by which the issue of his bond was authorized. If there was no law for the issue, there can be no valid bond."

In *Anthony* v. *Jasper Co.*, the supreme court said:

"Dealers in municipal bonds are charged with notice of the laws of the state granting power to make the bonds they find on the market. This we have always held. If the power exists in the municipality, the *bona fide* holder is protected against mere irregularities in the manner of its execution, but if there is a want of power, no legal liability can be created."

In *Bank* v. *Porter Tp.*, 110 U. S. 608, 4 Sup. Ct. Rep. 254, the supreme court declared:

"The adjudged cases, examined in the light of their special circumstances, show that the facts which a municipal corporation, issuing bonds in the aid of the construction of a railroad, was not permitted against a *bona fide* holder to question, in face of a recital in the bonds of their existence, were those connected with or growing out of the discharge of the ordinary duties of such of its officers as were invested with authority to execute them, and which the statute conferring the power made it their duty to ascertain and determine before the bonds were issued; not merely for themselves, as the ground of their own action in issuing the bonds, but equally as authentic and final evidence of their existence, for the information and action of all others dealing with them in respect to it."

The agreed facts in this case show, in effect, there was no law authorizing the issue of the bonds to which the coupons in suit belong. The plaintiff was bound to take notice of that fact. It cannot, therefore, under the law, be entitled to recover. Judgment should therefore go for the defendant, and it is ordered that judgment be entered accordingly.