## BARNUM *v.* OKOLONA.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF MISSISSIPPI.

No. 154. Argued and submitted March 22, 1893. — Decided April 3, 1893.

Town bonds having more than ten years to run, issued by a town in Mississippi under the act of March 25, 1871, of the legislature of Mississippi, to aid in the construction of the Grenada, Houston and Eastern Railroad are void.

*Woodruff* v. *Okolona,* 57 Mississippi, 806, approved and followed.

That municipal corporations have no power to issue bonds in aid of a railroad except by legislative permission; that the legislature, in granting permission to a municipality to issue its bonds in aid of a railroad, may impose such conditions as it may choose; and that such legislative permission does not carry with it authority to execute negotiable bonds except subject to the restrictions and conditions of the enabling act, are propositions well settled by frequent decisions of this court.

ARGUMENT in this case was commenced by the counsel for the plaintiff in error. At the close of his opening the court declined to hear further argument.

*Mr. E. H. Bristow,* (with whom was *Mr. W. B. Walker* on the brief,) for plaintiff in error.

*Mr. William T. Houston, Mr. D. W. Houston* and *Mr. R. O. Reynolds* for defendant in error.

MR. JUSTICE SHIRAS delivered the opinion of the court.

The act of March 25, 1871, of the State of Mississippi authorized certain counties, cities, and towns to aid in the construction of the Grenada, Houston and Eastern Railroad, by subscribing for capital stock of the company organized to build and maintain that railroad.

The 4th and 5th sections of said act were as follows:

"SEC. 4. *Be it further enacted,* That it shall and may be lawful for the boards of supervisors of any county which

shall have voted a tax as provided by this act, or of the act to which this act is amendatory, to issue bonds due and payable at such time or times as said boards of supervisors may deem best for the taxpayers of their respective counties, not to extend beyond ten years from the date of issuance, for such sums as said boards of supervisors may deem necessary to meet, pay off, and discharge the subscriptions of said counties respectively for capital stock in the Grenada, Houston and Eastern Railroad Company, which have been or which may hereafter be subscribed for by said boards of supervisors, or by the boards of police (as the case may be) respectively, not to exceed the total sum of such stock subscriptions, which said bonds shall be signed by the president of the board of supervisors issuing the same, and be made payable to the president and directors of the Grenada, Houston and Eastern Railroad Company and their successors and assigns, and may be assigned, sold and conveyed, with or without guarantee of payment, by the said president and directors, or may be mortgaged in like manner at their discretion as they may deem best for the company.

" Sec. 5. *Be it further enacted,* That it shall be lawful for the mayor and selectmen of any incorporated city or town who may have subscribed, or shall hereafter subscribe, for capital stock in the Grenada, Houston and Eastern Railroad Company, as authorized by this act, or the act of which this act is amendatory, to issue bonds of their respective corporations in the same manner and with the like effect sufficient in amount to meet the total sum of their respective subscriptions for stock, as the boards of supervisors of the different counties are by this act authorized to do, and all bonds and coupons of interest issued by said mayor and selectmen shall be alike binding upon said towns respectively, in their corporate capacity, as the said bonds so issued by the said boards of supervisors shall be binding upon said counties respectively."

In pursuance of the powers so conferred the town of Okolona subscribed for stock in the said company, and paid for the same by executing and delivering to the railroad company its bonds, bearing date September 1, 1871, with coupons attached,

payable in New York city to bearer, and maturing at from
eleven to seventeen years after their date. The bonds recite
that they are "issued and delivered to the Grenada, Houston
and Eastern Railroad Company by the town of Okolona to
meet and pay off the amount subscribed by said town to the
capital stock of the railroad company aforesaid."

Frank D. Barnum, a citizen of Tennessee, brought an action
of debt against the town of Okolona at the April term, 1889,
of the District Court of the United States for the Northern
District of Mississippi, and averred in his declaration that he
was the holder and owner for value, and before the maturity
thereof, of sixteen bonds of said town with their coupons
attached, which were due and unpaid, and the amount
whereof he was entitled to recover. The declaration like-
wise averred that said bonds recited that they had been issued
in pursuance of the said act of March 25, 1871.

To this declaration the defendant demurred, and assigned
for cause, among other things, that it appeared, in and by said
declaration, that the bonds sued on were payable more than
ten years after their execution, and were, therefore, void.

Upon argument, the court below sustained the defendant's
demurrer, whereupon the plaintiff sued out this writ of error
to this court.

That municipal corporations have no power to issue bonds
in aid of a railroad except by legislative permission; that the
legislature, in granting permission to a municipality to issue
its bonds in aid of a railroad, may impose such conditions as
it may choose; and that such legislative permission does not
carry with it authority to execute negotiable bonds except
subject to the restrictions and conditions of the enabling act,
are propositions so well settled by frequent decisions of this
court that we need not pause to consider them. *Sheboygan
County* v. *Parker*, 3 Wall. 93, 96; *Wells* v. *Supervisors*, 102
U. S. 625; *Claiborne County* v. *Brooks*, 111 U. S. 400; *Young*
v. *Clarendon Township*, 132 U. S. 340, 346.

Accordingly if, in the present instance, the legislature of
Mississippi, in authorizing the town of Okolona to subscribe
for stock in a railroad company and to pay for the same by

an issue of bonds, prescribed that such bonds should not extend beyond ten years from the date of issuance, such limitation must be regarded as in the nature of a restriction on the power to issue bonds. *Norton* v. *Dyersburg*, 127 U. S. 160; *Brenham* v. *German American Bank*, 144 U. S. 173, 188.

It is, however, contended on behalf of the plaintiff in error that no such limitation was put, by the enabling act, on bonds issued by towns; that the restriction to a limit of ten years, contained in the 4th section of the act of March 25, 1871, was applicable only to the case of bonds issued by counties. It is true that, in the 5th section of the act, which conferred the power on towns and cities to subscribe for railroad stock and pay therefor in bonds, no express provision is found as to the length of time during which the bonds should run. As, however, the 5th section does provide that the bonds to be given by towns shall be issued "in the same manner and with the like effect sufficient in amount to meet the total sum of their respective subscriptions for stock, as the boards of supervisors of the different counties are by this act authorized to do," and that all "bonds and coupons of interest issued by said mayor and selectmen shall be alike binding upon said towns respectively, in their corporate capacity, as the said bonds so issued by the said boards of supervisors shall be binding upon said counties respectively," it seems plain that the legislative intent was that the bonds of the towns should be subject to the ten-year limitation contained in the 4th section. This is the fair and obvious import of the language used.

The question involves the construction of the statute of Mississippi, and has been decided by the Supreme Court of that State in the case of *Woodruff* v. *Okolona*, 57 Mississippi, 806, where it was held that bonds issued under that act, having more than ten years to run, were void, and where, in order to reach that conclusion, it was necessary to hold that the limitation of ten years for the running of the bonds contained in the 4th section was applicable to bonds issued by towns under the 5th section.

As against a party who became the owner of such bonds before the decision of the Supreme Court of the State was

rendered, which was the case here, we do not consider ourselves bound by such decision unless we regard it as intrinsically sound. *Enfield* v. *Jordan*, 119 U. S. 680; *Bolles* v. *Brimfield*, 120 U. S. 759. Still, even in such a case, the construction put upon a state statute by the Supreme Court of such State is entitled to our respectful consideration; and we do not hesitate to adopt it as a true construction in the present case, where we have reached the same conclusion upon an independent reading of the statute.

Our conclusion, upon the whole case, is that the town of Okolona had no power to issue the bonds in suit, and that the judgment of the court below must be

*Affirmed.*