## McAndrew v. Dunmore Borough, Appellant.

*Municipalities — Boroughs — Improvements — Streets — Act of June 15, 1911, P. L. 971—Ordinances—Ordinance void in part—Construction — Constitutional law—Taxpayers—Equity—Injunction.*

1. It is a constitutional requisite that an ordinance authorizing the improvement of streets in a municipality shall provide lawful means of payment for the improvement, and where the provisions of such an ordinance for payment are unlawful the whole ordinance is void.

2. A taxpayer sustains his right to maintain a bill in equity to restrain the enforcement of an ordinance which compels him to pay for the paving and grading of a street when he shows that the

improvement is not made in pursuance of an ordinance passed in conformity with the statute authorizing it, and the fact that the provision of the ordinance which makes it invalid is not prejudicial to plaintiff's interest is immaterial.

3. An ordinance, like a legislative statute may be good in part and upheld, while another part may be illegal and void, and a section or part of an ordinance or statute may be so disconnected in purpose and effect that its illegality will not necessarily avoid the ordinance or legislative act in toto. This principle, however, cannot be invoked to sustain any part of an ordinance for grading and paving streets which does not provide at the same time the constitutional requisite of the lawful means of payment for the improvement.

4. A borough ordinance authorizing a municipal improvement and providing that two-thirds of the cost of such improvement be paid by assessments against the abutting property, payable in seven annual installments, the first assessment to be made thirty days after the commencement of the work, and that bonds be issued, payable "at any time within six years from their respective dates" and exclusively out of the proceeds of such assessments, is invalid as failing to comply with the Act of June 15, 1911, P. L. 971, providing for the payment of the cost and expense of a municipal improvement as it progresses by issuing bonds which shall rest alone for their security and payment on assessments upon the abutting property and payable at periods not exceeding five years from the date of their issue; and it is not error for the court, at the instance of a taxpayer whose property has been assessed for the payment of the bonds, to grant an injunction restraining the borough from proceeding further under the ordinance.

Argued Feb. 25, 1914. Appeal, No. 390, Jan. T., 1913, by defendants from decree of C. P. Lackawanna Co., Oct. T., 1912, No. 11, in Equity, awarding an injunction in case of P. A. McAndrew v. Borough of Dunmore, John J. Gilligan, P. W. Manley, R. C. Ruthven, P. C. Langan, John E. Milner, John MacMillan, P. C. Hennigan and Michael McGuire. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity to enjoin a borough from improving certain streets under an ordinance alleged to be void. Before NEWCOMB, J.

The facts appear in the opinion of the Supreme Court.

The court on final hearing awarded the relief prayed for.  Defendants appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial judge, and the decree of the court.

*C. P. O'Malley,* and *R. A. Zimmerman,* with them *A. A. Vosburg,* for appellants.—The borough possessed inherent power without the authority conferred by the Act of June 15, 1911, P. L. 971, to make assessments payable in instalments and to provide that the contractor should be paid in bonds, which should rest alone for their security upon the assessments, and which should be redeemable at any time within the life of the assessments.  The Act of May 12, 1911, P. L. 288, contemplated an extension of the payment of the assessment beyond the completion of the improvement.

Even though the ordinance be void in part, the whole ordinance is not necessarily invalidated thereby: Lea v. Bumm, 83 Pa. 237; Philadelphia M. & S. St. Ry. Co.'s Petition, 203 Pa. 354; Tampa v. Salomonson, 35 Fla. 446.

A taxpayer has no standing in equity to question the validity of an ultra vires ordinance unless he can show some peculiar or special injury to himself or to the municipality: Blanton v. Merry, 116 Ga. 288 (42 S. E. Repr. 211); Blanchard v. Reyburn, 10 Philadelphia 427; Stephens v. Minnerly, 3 Hun (N. Y.) 566; Hulbert v. Mason, 29 Ohio State 562; San Antonio v. Campbell, 56 S. W. Repr. 97; Barton v. Pittsburgh, 4 Brewst. 373.

*Cornelius Comegys,* with him *William W. Lathrope,* for appellee.—The ordinance is invalid because it does not conform to the provisions of the Act of June 15, 1911, P. L. 971; Commissioners of the Kensington Dis-

trict v. Keith, 2 Pa. 218; Pittsburgh v. Walter, 69 Pa. 365; Western Pennsylvania Railway Co. v. Allegheny, 92 Pa. 100; Fell v. Philadelphia, 81 Pa. 58.

A city can create a valid municipal lien for improving a street only when the improvement is made in pursuance of law: Hershberger v. Pittsburgh, 115 Pa. 78; Morewood Ave., 159 Pa. 39.

The fact that plaintiff's property is sought to be encumbered to secure the payment of an unauthorized issue of bonds entitled plaintiff to bring a suit: Sharpless v. Philadelphia, 21 Pa. 147; Mott v. Penna. R. R. Co., 30 Pa. 9; Moers v. Reading, 21 Pa. 188; Steigerwalt v. Rife, 9 Pa. Superior Ct. 363; Johnston v. Price, 172 Pa. 427; Gray v. Citizens Gas Co., 206 Pa. 303.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1914:

We agree with the learned court below that the ordinance in question authorizing the improvement of certain streets in the defendant borough is void, and that a taxpayer against whom an assessment was made for the improvement can attack its validity in a court of equity. The validity of the ordinance depends upon the authority conferred by the Acts of May 12, 1911, P. L. 288, and June 15, 1911, P. L. 971. The later act authorizes the council by ordinance to provide for the payment of the expenses and costs of a municipal improvement by assessments on the properties fronting thereon payable in semi-annual or annual instalments, and also to provide for the payment of the costs and expenses of the improvement as it progresses by issuing bonds which shall rest alone for their security and payment on the assessments and shall be payable at periods not exceeding five years from the date of their issue, to be provided in the ordinance directing the improvement. The moneys received by the municipality from the assessments are to be applied to the payment of the bonds exclusively.

The ordinance authorizing the improvement in this

case provides that two-thirds of the cost of the improvement shall be paid by assessments against the abutting property, payable in seven equal annual payments, the first thereof thirty days after work shall commence, and that the bonds shall be issued payable "at any time within six years from their respective dates." It is clear, therefore, that the ordinance fails to meet the statutory requirement that the bonds be payable in five years and, necessarily, the assessments within a like period, as the bonds are payable exclusively out of the proceeds of the assessments.

Municipal improvements are regulated entirely by statute to which the rule of strict construction applies. This principle is so well settled that it does not need the citation of authorities to support it. There was, therefore, no authority in the councils in the case in hand either to issue the bonds payable at a longer period than five years from the date of issue or to make the assessments payable in instalments extending beyond that period. These requirements of the statute under which the improvement was to be made were entirely disregarded in the ordinance. They were a substantial and material part of the ordinance and being disregarded the ordinance necessarily was invalid. If a time of payment of the bonds fixed by the statute may be enlarged by one year by the ordinance authorizing the improvement it may be extended any number of years, in the discretion of the council. It is immaterial what the legislative purpose may have been in fixing five years as the time within which the bonds issued for the payment of municipal improvements should be paid, it is sufficient to know that such is the statutory requirement and the council has no authority to disregard it.

It is contended, however, by the defendant borough that the variance of one year between the statutory provision and the ordinance is immaterial and that no one is prejudiced by the fact that the time of payment is enlarged. It is, therefore, claimed that the plaintiff, a

taxpayer against whom an assessment had been laid, has no standing to complain, and hence cannot maintain this bill. This contention overlooks the fact that this is a proceeding to impose a burden upon the plaintiff and to compel him, willingly or unwillingly, to contribute to the public improvement, and that it is only sustainable by virtue of statutory authority. The right of the plaintiff to maintain this bill does not depend upon whether a change in the time of the payment of the bonds injuriously affects him or not. The test of his standing to invoke the aid of a chancellor in resisting payment of the assessments laid upon his property is whether the municipality has legally exercised the authority imposing the burden upon him. Whether, therefore, the time fixed by the ordinance for the payment of the bonds beyond the statutory period is or is not prejudicial to the plaintiff's interests is not the test of his right to successfully resist the enforcement of the ordinance which compels him to pay for the improvement. He sustains his right to maintain the bill when he shows that the improvement is not made in pursuance of an ordinance passed in conformity with the statute authorizing it.

There is nothing in the contention that the part of the ordinance providing that the improvement bonds shall be redeemable in six years may be invalid and the balance of the ordinance be legal and enforceable. It may be conceded that an ordinance, like a legislative statute, may be good in part and upheld, while another part may be illegal and void. A section or a part of an ordinance or statute may be so disconnected in purpose and effect that its illegality will not necessarily avoid the ordinance or legislative act in toto. But that principle cannot be invoked here to sustain any part of the ordinance authorizing the improvement in question. The ordinance provides for a contract for the grading and paving of certain streets of the municipality and it is a constitutional requisite of such ordinance that it provide at the same time the lawful means of payment for the

improvement. It is, therefore, manifest that the means and method for payment of the obligations contemplated in the contract are essential features of the ordinance and, if illegal, invalidate the entire ordinance.

A further consideration of the questions involved is unnecessary in view of the very thorough discussion of them by the learned trial judge.

Decree affirmed.