[Civ. No. 3688. Third Appellate District.—November 1, 1928.]

CITY OF NORTH SACRAMENTO (a Municipal Corporation), Petitioner, v. W. O. IRWIN, as City Clerk, etc., Respondent.

Chas. L. Gilmore for Petitioner.

W. O. Irwin, *in pro. per.*, for Respondent.

FINCH, P. J.—This is an original application for a writ of mandate to compel the respondent, as city clerk, to countersign municipal bonds in the sum of $15,000, alleged to have been duly authorized by the voters of the petitioner at a special election.

The ordinance calling the election recites that "It is proposed to incur an indebtedness against the City of North Sacramento in the sum of $15,000 for the construction and completion of the outfall sewer pipe line over and across the American River." Section 2 of the ordinance provides:

"The term of years the proposed bonds for said improvements are to run shall be as follows: One-tenth part of the whole amount of the principal of said indebtedness created under the said proposition shall be paid each and every year, that is to say: $1,500 of the principal of said bonds shall mature on the first day of January of each year beginning with the first day of January, 1931, to and including the first day of January, 1940." Section 3 provides: "The said bonds and each of them shall bear interest at the rate of four and three-fourths (4¾) per cent per annum, and said interest shall be due and payable on January first and July first of each year; provided, however, that the first interest date shall be January first, 1930." The ordinance directing the issuance of the bonds contains provisions to the same effect as those quoted. The proceedings for incurring the indebtedness were taken under the act of 1901. (Stats. 1901, p. 27.) Section 5 of that act as amended in 1913 (Stats. 1913, p. 30) provides:

"A part to be determined by the legislative body of the municipality, which shall be not less than one-fortieth part of the whole amount of such indebtedness, shall be paid each and every year on a day and date, and at a place or places to be fixed by the legislative body of the municipality issuing the bonds and designated in such bonds, together with the interest on all sums unpaid at such date. . . . The bonds . . . shall be payable on the day and at the place or places fixed in such bonds, and with interest at the rate specified in the bonds, which rate shall not be in excess of six per cent per annum, and shall be payable semi-annually."

Adapting the language of the opinion in *McAndrew* v. *Borough of Dunmore*, 245 Pa. 101 [91 Atl. 237], there was no authority in the city council, in disregard of the plain requirements of the statute, to provide that no interest shall be paid prior to January 1, 1930, or that no part of the principal shall be paid prior to January 1, 1931. The departure from the requirements of the statute is sub-

stantial and material. If the time of payment fixed by the statute may be enlarged by one year by the ordinance calling the election, it may be extended any number of years, in the discretion of the council. Since the ordinance fails to comply with the requirements of the statute, the council is without authority to issue the bonds. The bonds being invalid, the respondent was justified in refusing to sign them. (*Hollywood Union High School Dist.* v. *Keyes*, 12 Cal. App. 172 [107 Pac. 129]. See, also, *City of San Diego* v. *Potter*, 153 Cal. 288, 296 [95 Pac. 146]; *Skinner* v. *City of Santa Rosa*, 107 Cal. 464, 470 [29 L. R. A. 512, 40 Pac. 742]; *Norton* v. *Dyersburg*, 127 U. S. 160 [32 L. Ed. 85, 8 Sup. Ct. Rep. 1111, see, also, Rose's U. S. Notes]; *Barnum* v. *Okolona*, 148 U. S. 393 [37 L. Ed. 495, 13 Sup. Ct. Rep. 638]; *National Bank of Commerce* v. *Town of Granada*, 48 Fed. 278; 18 Cal. Jur. 1060.)

Peremptory mandate denied.

Plummer, J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 1, 1928, and the following opinion then rendered thereon:

FINCH, P. J.—The petitioner has applied for a rehearing. ■ It is urged that it was unnecessary to recite, in the ordinance calling the election, when the first payments of principal and interest would be made and, therefore, the recitals thereof may be treated as surplusage and that they constitute "no part whatever of the proposition voted upon by the elector." The proposition as stated in the ordinance, however, was the one, and the only one, approved by the voters. As said in *Skinner* v. *City of Santa Rosa*, 107 Cal. 464, 472 [29 L. R. A. 512, 40 Pac. 742], "particulars were inserted in the submission which the statute did not require to be submitted; but these particulars having been submitted, the vote authorizing the indebtedness to be incurred imports the particulars named as the conditions upon which that assent has been given, and hence no one can say that without these favorable conditions the result of the election would have authorized the indebtedness to be incurred." Petitioner relies upon *City of Santa*

*Barbara* v. *Davis,* 6 Cal. App. 342 [92 Pac. 308], *Derby & Co.* v. *City of Modesto,* 104 Cal. 515 [38 Pac. 900], and *Law* v. *San Francisco,* 144 Cal. 384 [77 Pac. 1014]. In each of those cases the departure in the issuance of the bonds from the recitals in the ordinance calling the election was in respect to the number of the bonds and not the times or amounts of the annual payments thereof. In the first of these cases the proposition submitted to the voters was the issuance of 40 bonds of $1,250 each, payable one each year. The ordinance adopted pursuant to the approval of such proposition by the voters provided for the issuance of 80 bonds of $625 each, payable two each year. Manifestly, the variance was immaterial and in no sense increased the burden on the taxpayer. The other cases relied on by petitioner are to the same effect.

The petition for a rehearing is denied.

Hart, J., and Plummer, J., concurred.