**MADERA IRR. DIST. et al. v. MILLER & LUX, Inc.**

No. 3924.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1931.

Stephen W. Downey, of Sacramento, Cal., and Milton T. Farmer and A. E. Chandler, both of San Francisco, Cal., for appellants.

J. E. Woolley, of San Francisco, Cal. (Vincent J. McGovern, of San Francisco, Cal., of counsel), for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and SAWTELLE, District Judge.

RUDKIN, Circuit Judge.

Pursuant to the irrigation district laws of the state of California (St. 1919, p. 662), the board of directors of the Madera irrigation district adopted a resolution reciting that, for the purpose of purchasing or constructing necessary irrigation canals, dams, reservoirs, and works, and for the purpose of constructing or purchasing an electric power plant and works in connection therewith, and acquiring the necessary property and rights therefor, and for the purpose of acquiring water, water rights, and other property necessary for the purposes of the Madera irrigation district, and otherwise carrying out the provisions of the act of the Legislature under which the district was organized, the board had theretofore, for the purpose of estimating and determining the amount necessary to be raised therefor, caused such surveys, examinations, drawings, and plans to be made as was necessary to furnish the proper basis for said estimate, under the direction of certain engineers; that a copy of the estimate and engineers' report had been submitted to the commission authorized by law to approve bonds of irrigation districts for certification as legal investments for savings banks, and for the other purposes specified in the act creating the commission; that more than ninety days had elapsed since the submission of said estimate and report; and that no report thereon had been received from said commission. It was thereupon resolved, determined, and declared that the proposed plan of works was satisfactory; that the project was feasible; that the water supply was adequate; and that bonds of the district in the sum of $28,000,000 should be issued in order to raise the necessary money therefor. It was further resolved that $500,000 of that amount, by resolution thereafter to be adopted, be made payable in such amounts that the same shall be completely paid off within a period of ten years from their date; that, upon such amount being authorized to be issued by the voters of the district, the same be sold as soon as practicable and proceeds therefrom expended in connection with items properly chargeable to construction account, namely, the retirement of present outstanding warrants of the district, the discharge of contracts for the purchase of real property theretofore entered into by the district, and the prosecution of the claim of the district to the waters of the San Joaquin river and the establishment of its right thereto, and "that no further bonds of the District in addition to said five hundred thousand ($500,000.00) dollars to be sold until the District's rights to divert and store waters of the San Joaquin River has been affirmed by the Superior Court of California, and that no construction on canals, dams, or other works of the District be commenced until said rights have been so affirmed by said court." No-

tice of an election was thereupon given as provided by the statute, and, at the election held pursuant thereto, a bond issue was voted as provided in the resolution. At the suit of Miller & Lux, Incorporated, a land owner within the district, the court below enjoined and restrained the district and its officers from selling or disposing of any of the bonds of the district in excess of the $500,000 referred to in the resolution "until the right of the Madera Irrigation District to divert and store waters of the San Joaquin River has been affirmed by the Superior Court of the State of California." At the date of the resolution above referred to, and at the date of the final decree, a number of suits had been commenced and were still pending against the irrigation district in one of the superior courts of the state, where injunctions were sought to enjoin and restrain the district from diverting and storing the waters of. the San Joaquin river. From the decree granting the injunction, the present appeal was prosecuted.

The single contention made by the appellants in support of their appeal is that the board of directors of the district have full authority and a lawful right to issue and sell the bonds of the district to the amount of $28,000,000, notwithstanding the provision of the resolution that no bonds in excess of the sum of $500,000 should be sold, and that no construction on canals, dams, or other works of the district should be commenced until the right of the district to divert and store the waters of the San Joaquin river should be affirmed by the superior court of the state.

With this contention we are unable to agree. True, the resolution calling the election and the notice of election made no reference to the limitation on the authority of the board to sell the bonds of the district, but. the proposition approved by the voters was the proposition set forth in the original resolution, and authority for the issuance and sale of the bonds must be found in both the resolution and the vote of the district; otherwise the resolution would prove a delusion and a snare. .Had the board determined affirmatively that the project was not feasible or that the water supply was inadequate, but submitted the question of a bond issue to the voters notwithstanding, it would hardly be claimed that a landowner in the district could not enjoin the issuance or sale of bonds, even though the resolution calling the election and the notice of election were fair upon their face. Here there was a formal determina-

tion that the project was feasible and the water supply adequate, but this determination was contingent only. It was dependent upon the ability of the District to establish its right to divert and store the waters of the San Joaquin River, and failing in this the whole project would fail of its purpose. For these reasons, the court below was amply justified in granting an injunction prohibiting the sale of bonds until the condition precedent was complied with, and its decision finds support in numerous decisions of the state courts construing similar statutory provisions. Skinner v. Santa Rosa, 107 Cal. 474, 40 P. 742, 29 L. R. A. 512; Perey v. City of Los Angeles, 187 Cal. 753, 203 P. 992, 19 A. L. R. 1044; O'Farrell v. County of Sonoma, 189 Cal. 343, 208 P. 117; City of North Sacramento v. Irwin, 94 Cal. App. 652, 271 P. 788, 272 P. 767.

The decree is affirmed.