## In re Atherton Street

*James C. Furst*, for plaintiff; *N. B. Spangler*, for defendant.

FLEMING, P. J., July 17, 1932.—This matter is before us upon a petition to quash the ordinance passed by the borough council of State College Borough on March 21, 1932, providing for the grading, curbing, guttering and paving with concrete that portion of Atherton Street in said borough which lies between College Avenue on the north and Prospect Avenue on the south. This ordinance was vetoed by the burgess, but passed over such veto, in the manner prescribed by law.

When this matter was previously before us, we expressed certain jurisdictional doubts in a preliminary opinion filed and directed that further testimony be taken to enable us to intelligently dispose of the matter.

The original petition recites that it is presented "under and by virtue of the Act of May 4, 1927, P. L. 519, article XVII, section 1708." This was reiterated by counsel for the petitioners at the time testimony was taken. The ordinance in question is attached to the petition filed, is in evidence and is for our interpretation.

The objections to our jurisdiction, made by counsel for the municipality, require our first consideration to be directed to the ordinance in question and to the legislation of the Commonwealth empowering boroughs to act in the manner desired, as shown by such ordinance.

Municipal improvements are regulated entirely by statute to which the rule of strict construction applies: McAndrew *v.* Dunmore Borough, 245 Pa. 101. The present power of boroughs to grade and pave streets exists by virtue of The General Borough Act of May 4, 1927, P. L. 519, Sec. 1701, which provides as follows: "Boroughs may lay out, establish, or change the grades of, and may pave and curb, streets, roads, lanes, or alleys, as [and] parts thereof."

This authority originally existed by virtue of the Act of May 14, 1915, P. L. 312, Chap. 6, Art. VII, Sec. 1, amended by the Act of May 17, 1921, P. L. 859, Sec. 1, now repealed, and was derived from parts of section one of the Act of June 5, 1913, P. L. 411, now repealed, and section one of the Act of April 28, 1899, P. L. 100.

Such powers may be exercised by a borough either (1) with petition of property owners or (2) without such petition. Paving with petition only is regulated by The General Borough Act of May 4, 1927, P. L. 519, Sec. 1705, which provides as follows:

"Upon the petition of a majority of property owners in interest and number, abutting on the line of any proposed improvement, to be verified by the affidavit of at least one of the petitioners, a majority in interest of owners of undivided interests in any piece of property to be treated as one person, a borough may grade, curb, pave, or macadamize, or otherwise improve, any street or alley, or part thereof, or which may be, in whole or in part, boundaries thereof, and provide for the necessary drainage thereof; and may also provide for the improvement of any street, road, lane, or alley, and any sections or parts thereof, in length, in the space between the curb, gutter, or actual carriageway line and the property line, either by an original work or improvement thereon, or by a change, repair, renewal, or alteration in the said highway, curb, parking spaces, or shade trees, or by changing, altering, renewing, replanting, pruning, or otherwise improving the same, in any or all of said particulars."

Paving with or without a petition of property owners may be had by the provisions of The General Borough Act of May 4, 1927, P. L. 519, Sec. 1712, as amended by the Act of May 8, 1929, P. L. 1636, Sec. 10, providing as follows:

"Boroughs, with petition or without petition, may grade, curb, gutter, pave, macadamize, or otherwise improve, streets, lanes, and alleys, or parts or a particular width or additional widths, thereof, with or without the assistance or contribution of the State, county, or a corporation occupying the thoroughfare, and, where the petition for the improvement is signed by petitioners representing a majority in the number of feet of assessable properties abutting on the proposed improvement, may assess and collect the whole cost thereof, or the whole cost not thus aided or contributed, or any part thereof, from the owners of real estate abutting on the improvement, by an equal assessment on the foot-front, including the expenses of the necessary drainage, but, in all other cases, not more than two-thirds of the whole cost thereof, or two-thirds of the whole cost not thus aided or contributed may be assessed and collected from the abutting owners on the foot-front rule, the remainder to be paid by the borough. The council may make equitable adjustments for corner lots, or lots of irregular shape, where an assessment for full frontage would be unjust. Property not otherwise assessable shall become assessable by the petition of the owner or the owner's representative. In all cases where the whole width of the highway is being paved, without State or county aid, and more than two-thirds of the total cost is proposed to be assessed on abutters, the borough shall, for this purpose, be considered as owner of non-assessable property, of street and alley intersections, and of the deducted frontage on equitable adjustments. On petition of owners representing two-thirds of the number of feet of assessable properties abutting on the proposed improvement, the total cost of the improvement, or a lesser amount if the borough desires, may be assessed on the assessable properties abutting, without any deduction for non-assessable property, or street and alley intersections, or for the equitable adjustments aforesaid: Provided, That the petition states that the total cost may be assessed on the abutters."

A comparison of the requirements of section 1705, supra, and section 1712, supra, is not only interesting but necessary for the ultimate determination, as a matter of law, of the procedure reflected by the ordinance in question. Firstly, a petition of property owners must be had to proceed under the former section. Under the latter section it is merely optional and procedure may be had without such petition. Secondly, the petition under the former section requires such to be signed by a majority of property owners in interest and number. Under the latter section, if a petition is elected to be filed, in order to compel payment of the whole cost of the improvement by the property owners the petition must be signed by petitioners representing a majority in the number of feet of assessable properties abutting on the proposed improvement. Thus for example, if the number of property owners along a given improvement was ten, to proceed under the former section six would be required, said six to represent a majority in interest as well as in number. Under the latter section two would be sufficient provided a majority of the number of feet of assessable property was represented by them. It is furthermore to be noted that such majority in number of feet of assessable property is required only to enable the borough to collect the whole cost of the improvement. A lesser number does not affect the validity of the procedure. It only restricts the right of collection to a two-thirds part. Thirdly, the former section makes no provision whatever for a procedure when some agency other than the borough is to pay a part of the cost of such improvement, while the latter section specifically provides for the same. Fourthly, the former section makes no provision for nonassessable properties, street intersections, or for equitable adjustments of any nature whatever. The latter section clearly and unmistakably provides for these things.

Further to enlighten ourselves upon the question now before us, we must study also the provisions for collection of costs under these two forms of procedure. Section 1706 of the Act of May 4, 1927, supra, provides for the giving of notice of the passage of an ordinance pursuant to the provisions of section 1705, and section 1707 provides for the contents of such notice and, inter alia, is the direction to appeal to the court of common pleas if any person interested shall desire to dispute the fact that the original petition was signed by a majority in interest and number of owners of property abutting on the line of the proposed improvement. Section 1708 allows the appeal and specifies the duties of the court in connection therewith. Section 1709, providing for assessment of damages and benefits, sheds almost conclusive light upon the determination of the question now before us. This section reads as follows:

"On petition, viewers shall be appointed, as provided in article fourteen of this act, who shall assess the damages, costs, and expenses of such grading, curbing, paving, or macadamizing, or parking, shade tree planting, or changing, altering, renewing, replanting, pruning, or improving, including the expenses for necessary drainage, upon the property benefitted, according to benefits, if sufficient can be found; but, if not, the deficiency, when ascertained, shall be paid by the borough. The proceedings of the viewers and the proceedings on their report shall be as provided in article fourteen of this act."

It is manifest, therefore, that contributions of abutting owners are not intended, under such procedure, outlined in section 1709, to bear any direct relation to the cost of the improvement. If such are made, it is in accordance with the matter of benefit accruing to the owner's property, as determined by viewers, and, if the opinion of such viewers is that such property has been prejudiced in any way instead of benefited by the improvement, the borough, in addition to paying the actual cost of the improvement, must also pay the property owner the sum fixed as compensation for such damage.

The procedure under section 1712 of The General Borough Act of May 4, 1927, supra, clearly shows an intent to charge the abutting property owners, regardless of the question of benefits or damages. The whole cost is imposed, if a majority of front feet of assessable property is shown by the petitioners. Two-thirds of such cost is made collectible if the petition is not so signed. Provisions are made for contributions by the State, county or corporation using the thoroughfare. Allowances are made for nonassessable properties, lots of irregular shape, the intersections of streets and alleys and for other equitable adjustments. Assessments are to be levied according to the foot frontage. Sections 1713 and 1714 provide for notice of assessment levied and for the collection of the same.

Reference to the ordinance in question shows clearly in its title, its preamble and in the body of the ordinance itself that the Commonwealth of Pennsylvania is to participate in the payment of the cost and expense of the improvement. It is further reflected in like manner that the intent of the ordinance was to assess the property owners by the front-foot rule; that notice of such assessment was to be given under the terms of section 1713; and that collection was to be made pursuant to section 1714. The only portion of such ordinance from which any doubt could arise, as to the procedure intended to be followed in the drafting and enactment of the ordinance in question, is the second paragraph of the preamble which recites the petition as having been signed by "a majority of the property owners in interest and number." This same paragraph, however, also recites such petition as having been signed by "a majority in the number of feet of assessable property."

The ordinance contains no provision for notice of its enactment as required by sections 1706 and 1707, nor does it provide for the appointment of viewers and the assessment of damages and benefits as prescribed by section 1709. It does, however, as we have stated, provide for an assessment under the front-foot rule prescribed by section 1712.

Furthermore, an examination of the original petition to the borough council shows a recital on the part of such petitioners that they are "a majority in number of feet of assessable properties" along the proposed improvement. These petitioners request that Atherton Street between College Avenue and Prospect Avenue be graded, curbed, guttered and paved with concrete, "and that the whole of said improvement, except such portion of the same as will be paid for by the Commonwealth of Pennsylvania, be assessed by an equal assessment on the front-foot rule against all properties abutting on the proposed improvement, including the expense of the necessary drainage, and that such assessment be collected as now provided by law." Pursuant to such petition the ordinance in question was enacted. This enactment we find as a matter of law was pursuant to the provisions of section 1712 of The General Borough Act of May 4, 1927, P. L. 519, and not pursuant to section 1705, and the enabling procedure outlined subsequently in sections 1706, 1707 and 1709 of said act.

Article ten, section 1010, of The General Borough Act of May 4, 1927, P. L. 519, provides as follows:

"Complaint may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect, and the determination and order of the court thereon shall be conclusive."

The petitioners in the instant case elected to file their appeal in the common pleas under the provisions of section 1708 of the Act of May 4, 1927, supra. The ordinance not being founded upon the provisions of section 1705, as we have

344

shown, section 1010 and not section 1708 applies and this court is without jurisdiction.

And now, July 18, 1932, upon consideration of the whole record, the petition filed to quash the ordinance enacted March 21, 1932, for the grading, curbing, guttering and paving with concrete, less such portion as shall be borne by the Commonwealth of Pennsylvania, on South Atherton Street, in the Borough of State College, beginning at the intersection of said street, with College Avenue, at its southern line; thence on South Atherton Street a distance of approximately 2340 feet to the southern line of Prospect Avenue with said street, in accordance with the plan profile and cross-sections thereof, as shown by draft or blue print made by the State Highway Department of the Commonwealth of Pennsylvania, and providing for the payment of the cost thereof, upon completion of said work, by assessment on the front-foot rule of all properties located on the line of said improvement, between the southern line of College Avenue and the southern line of Prospect Avenue; for notice of such assessment as required by law, and the filing of liens in default of payment within thirty days, and that the further penalty of five per cent. be added for nonpayment within ninety days and the payment of liens, interest thereon, penalty and cost by semi-annual instalments, be and the same is hereby dismissed at the cost of the petitioners.

From S. D. Gettig, Bellefonte, Pa.