NATIONAL CITY BANK OF NEW YORK CITY v. BOARD OF PUBLIC INSTRUCTION OF MANATEE COUNTY, FLA.

McCLOSKY v. SAME.

WESTGATE, Inc., v. SAME.

Nos. 3021, 3100, 3124.

District Court, S. D. Florida.
Feb. 15, 1934.

Giles J. Patterson, of Jacksonville, Fla., for plaintiffs.

John B. Singeltary, of Bradenton, Fla., for defendant.

AKERMAN, District Judge.

These three cases came on to be heard on demurrers to the respective declarations. The questions involved in each case are identical. The declaration in each case is based upon school refunding warrants of the Board of Public Instruction of Manatee county, Fla., issued on the 1st day of September, 1919, and purporting to be authorized by chapter 7526 of the Laws of the state of Florida, approved May 9, 1917. It was conceded in the argument before

me that the issuance of these school refunding warrants were authorized by the act of Legislature above referred to and the sole question argued was that said act of the Legislature is unconstitutional and void, being in violation of sections 8 and 9 of article 12 of the Constitution of the state of Florida.

At the time these warrants were issued, there was no decision of the Supreme Court of Florida holding that sections 8 and 9 of article 12 of the Constitution should be construed so as to prohibit a board of public instruction from issuing time warrants to pay a past-due indebtedness, but the defendant relied on the cases of Barrow v. Moffett, 95 Fla. 111, 116 So. 71, State v. Board of Public Instruction for Indian River County, 98 Fla. 1152, 125 So. 357, and Board of Public Instruction for Lafayette County v. Union School Furnishing Co., 100 Fla. 326, 129 So. 824. These warrants were issued and sold September 1, 1919, and the first of the above decisions, Barrow v. Moffett, was rendered by the Supreme Court of Florida on February 1, 1928. Barrow v. Moffett and State v. Board of Public Instruction for Indian River County involved the validating of bonds by boards of public instruction to pay past-due indebtedness and did not pass upon the validity of bonds already issued. The Board of Public Instruction for Lafayette County v. Union School Furnishing Co. involved a bill to reform certain time warrants issued by the board of public instruction. So the question now before the court is not precisely the same as involved in those three cases, but it must be conceded that the principle is the same, and, if those cases are binding upon this court, the demurrers must be sustained.

■ The law is well settled that where bonds or like obligations of counties and districts are issued and sold prior to a decision of the Supreme Court of the state holding them invalid, the courts of the United States are not bound to follow the decisions of the Supreme Court of the state subsequently rendered unless the United States court is of the opinion that the decisions of the Supreme Court of the state are intrinsically sound. Barnum v. Town of Okolona, 148 U. S. 393, 13 S. Ct. 638, 37 L. Ed. 495; Town of Enfield v. Jordan, 119 U. S. 680, 7 S. Ct. 358, 30 L. Ed. 523; Bolles v. Brimfield, 120 U. S. 759, 7 S. Ct. 736, 30 L. Ed. 786; Folsom v. Township Ninety-Six, 159 U. S. 611, 612, 16 S. Ct. 174, 40 L. Ed. 278; Board of Liquidation v. Louisiana, 179 U. S. 622, 21 S. Ct. 263, 45 L. Ed. 347; Board of Com'rs of Stanly County v. W. N. Coler & Co., 190 U. S. 437, 23 S. Ct. 811, 47 L. Ed. 1126.

■ With the greatest deference to and respect for the Supreme Court of the state of Florida, I must refuse to follow that court in the three cases above referred to and hold that I can find nothing in sections 8 and 9 of article 12 of the Constitution which would prohibit the issuance of these refunding warrants.

The question as to whether the board of public instruction can be compelled to divert the fund provided for in sections 8 and 9 of article 12 of the Constitution in any one year to the payment of the judgment in this case, if one is rendered for the plaintiff, is a question that must be decided when that point is reached and should not be decided now. All that the court now decides is that in the opinion of the court the declarations state a cause of action as against the demurrers and that the demurrers must be overruled.