A. H. WESTER v. VILLAGE OF ALBANY AND OTHERS.[1]

June 27, 1941.

No. 32,993.

*Ahles & Ahles,* for appellants.
*Theodore F. Neils,* for respondent.

LORING, JUSTICE.

This case comes here on appeal by the defendant village of Albany and the members of its council from a judgment that plaintiff have a peremptory writ of *mandamus* directing defendant members of the council immediately to adopt a resolution pro-

[1]Reported in 299 N. W. 214.

viding for the issuance and sale of bonds of the defendant village in the sum of $25,000 to the lowest interest bidder and on the most advantageous terms for the purpose of financing the construction of a sewage treatment plant by the village. There is a finding that the bonds can be sold to a bidder other than the state at a rate of interest not exceeding two and one-half per cent. The state's rate is three per cent.

Pursuant to a resolution of the council of the village of Albany that the matter of issuing $25,000 in bonds with interest at not to exceed six per cent to finance the construction of a sewage treatment plant be submitted to the electors of the village, a notice of such special election was posted and published as follows:

"Notice is hereby given that a special election will be held in the village of Albany, Stearns County, at the village hall on the 19th day of May, 1941, from 7 p. m. to 9 p. m. for the purpose of voting on the proposition of issuing *to the State of Minnesota* the bonds of said municipality in the aggregate sum of $25,000.00 bearing interest at the rate of not to exceed six per cent per annum, the proceeds thereof to be used for the following purpose: building and constructing a sewage disposal treatment plant and to be numbered and to mature as set forth in the resolution now on file in the office of the Clerk.

"Dated April 30, 1941

"(Signed) E. S. Winter, Clerk"

(Italics supplied.)

The resolution calling the election contained no provision that the bonds should be sold to the state. The italicized language appeared in the published and posted notices by inadvertence due to the use of an old form.

The election was held at the place and time and for the purpose mentioned in the notice, and the ballots supplied the electors for voting read as follows:

"Shall the bonds of the Village of Albany, Stearns County, Minnesota, be issued in the aggregate amount of twenty-five thousand

($25,000.00) Dollars, bearing interest at the rate of not to exceed six per centum per annum, the proceeds to be used for the purpose of: Building and constructing a sewage disposal plant and to be numbered and to mature as set forth in the resolution now on file in the Office of the Clerk of the Village of Albany. (Place your cross-mark (X) in one of the squares.)

> "Yes .................... (   )
> "No .................... (   )"

There was no reference to a sale to the state.

The only question presented by this appeal is whether the insertion by inadvertence in the notice of election that bonds were to be issued to the state vitiates the election authorizing the sale of bonds to the lowest interest bidder. There is no question raised as to the authority of the village to issue the bonds here involved. The resolution could not be complied with if the sale were to be made to the state because the first bond could not then be taken up for five years, and the bond ballot contained no limitation as to the vendee of the bond.

The appellants have cited cases where the bonds were sold with conditions more onerous to the taxpayers than the prior proceedings had authorized and in consequence the courts held the bonds unauthorized. Peery v. City of Los Angeles, 187 Cal. 753, 203 P. 992, 19 A. L. R. 1044; Skinner v. City of Santa Rosa, 107 Cal. 464, 40 P. 742, 29 L. R. A. 512; North Sacramento v. Irwin, 94 Cal. App. 652, 271 P. 788, 272 P. 767; Percival v. City of Covington, 191 Ky. 337, 230 S. W. 300; and Lawson v. County Court, 80 W. Va. 612, 92 S. E. 786.

There is no contention here that the sale to a bidder other than the state is more burdensome to the taxpayers of the village. On the contrary, there is a concession that it is to the advantage of the village, and we do not conceive, and the court has not found, that the voters of the village were in any way deceived or misled to their prejudice into voting for the bond issue by reason of the statement in the notice that the bonds were to be sold to the state.

It is so far to the advantage of the taxpayers that we think it was within the authority of the village council to provide for the public sale of the bonds to the lowest interest bidder and that the inadvertent statement in the notice may be disregarded as without prejudice to the taxpayer. While the diligence of counsel has not disclosed any authority exactly in point, the case of State ex rel. Village of Chisholm v. Trask, 155 Minn. 213, 193 N. W. 121, indicates that we do not regard objections based upon technicalities not prejudicial to the taxpayers as valid.

Judgment of the trial court is affirmed.